IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01911-REB-KLM

CLARENCE WALKER,

    Plaintiff,

v.

ELAINE MEYER,
DENTIST'S ROLD,
LT. CORTNEY,
JILL PRITCHER,

    Defendant(s).

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Leave to Proceed for a [sic] Outside Exam and Dental X-Rays by a Certified Person Promptly** [Docket No. 5; Filed September 22, 2008] (the "Motion"). Plaintiff is a *pro se* prisoner incarcerated at the Arapahoe County Detention Facility. Although not clear, Plaintiff appears to seek an Order of the Court requiring the prison facility, who is not a party, to provide Plaintiff treatment from a private medical provider.

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**. First, the Court has no authority to require a nonparty, here the Arapahoe County Detention Facility, to act. Second, the Court generally does not interfere with the day-to-day operations of a prison facility, particularly where the Motion fails to recite sufficient supporting facts to determine whether a party is entitled to relief. "*Pro se* status 'does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.'" *Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Finally, to the extent that Plaintiff is seeking the Court's help in securing an expert witness or opinion, Plaintiff is, in essence, asking the Court to assist him in litigating his case. The Court cannot act as a *pro se* party's attorney, and Plaintiff must limit his motions to requests for relief that are authorized by the Federal and Local Rules of Civil Procedure.

Dated: October 1, 2008