IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01911-REB-KLM

CLARENCE WALKER,

    Plaintiff,

v.

ELAINE MEYER,
DENTIST'S ROLD,
LT. CORTNEY,
JILL PRITCHER,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave of the Court Pleading the 5th Amendment to the Constitution, Due to Self Incrimination [and] Severe Mental Disorders, and to Appoint Counsel** [Docket No. 30; Filed October 29, 2008] (the "Motion"). To the extent that Plaintiff is requesting that the Court appoint counsel to represent him, the Court does not have the power in this civil litigation to appoint an attorney without the attorneys' consent, *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff such as this Plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of

the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

Despite Plaintiff's present claims about his current mental condition, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. His filings to date indicate that he has a sufficient grasp of the facts and issues in this case, that he is capable of presenting the case, and has presented his claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze. Additionally, the record bears no indication that Plaintiff has made efforts to obtain counsel for himself.

The fact that the Plaintiff is incarcerated does not warrant the need for volunteer counsel. The fact of Plaintiff's incarceration is a normal, not a special, circumstance in this type of case before this court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel. Moreover, to the extent that Plaintiff makes unsubstantiated claims about his mental health, the Court reminds Plaintiff that he is a voluntary litigant in a federal lawsuit. To the extent that he feels that he cannot prosecute his case, he may voluntarily move to dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). Accordingly, based on the foregoing and the entire record herein,

IT IS HEREBY **ORDERED** that to the extent that Plaintiff seeks the appointment of counsel, the Motion is **DENIED**.

IT IS FURTHER **ORDERED** that to the extent that Plaintiff seeks an order from the Court that Plaintiff is excused from responding to discovery requests if his response would tend to incriminate him, the Motion is **DENIED**.  The request is not timely as discovery has not begun.  Further, the proper way to object to discovery propounded by the opposing party is to file a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) and D.C. Colo. L. Civ. R. 30.2 & 37.1.  The Court informs Plaintiff that as a voluntary litigant in a federal lawsuit, Plaintiff must comply with all Federal and Local Rules.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Finally, the Court will not issue an advisory opinion regarding the type of discovery to which Plaintiff need not respond, and Plaintiff should assume that unless he has a valid objection, e.g., based on relevance or burden, he will be compelled to respond to any propounded discovery.

Dated: October 30, 2008

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge