IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01911-REB-KLM

CLARENCE WALKER,

    Plaintiff,

v.

ELAINE MEYER,
DENTIST'S ROLD,
LT. CORTNEY,
JILL PRITCHER,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Request for Relief** [Docket No. 57; Filed December 31, 2008] (the "Motion"). The Motion, which was referred to this Court on January 27, 2009, requests that Plaintiff be transferred to another facility. Plaintiff contends that the condition of his teeth has deteriorated to such an extent that he must be moved to a new facility. Defendants Meyer and Courtney and Defendant Pritcher filed separate responses on January 26, 2009 [Docket No. 62 & 63].

    Defendants state that Plaintiff's alleged new dental injuries are not supported by his medical records and argue that none of the named Defendants, who are either private health care providers or prison medical officials, has the authority to provide Plaintiff with the relief requested. Defendants attached an affidavit from Defendant Meyer setting forth the extensive dental care Plaintiff has received while incarcerated at the Arapahoe County Jail [Docket No. 62-2].

Although Defendants suggest that I analyze Plaintiff's Motion as a request for injunctive relief, I decline to do so. Plaintiff has wholly failed to provide sufficient factual or legal justification to obtain injunctive relief pursuant to Fed. R. Civ. P. 11(b) and D.C. Colo. L. Civ. R. 7.1(C), and the Motion is subject to denial on this basis alone. Moreover, I note that to the extent that a transfer to a different facility is the relief requested, there has been no showing that these Defendants have the authority to provide Plaintiff with the relief requested. Finally, I note that the Motion does not comply with Rule 5(a), which requires that any "pleading filed after the original complaint" be served on every party in the case, and Rule 5(d), which requires that a certificate of service be filed "within a reasonable time after service." Fed. R. Civ. P. 5. Although there does not appear to be any prejudice to Defendants here, Plaintiff's *pro se* status does not relieve him of his obligation to comply with the Federal and Local Civil Rules. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). **Plaintiff is warned that he must serve any motion or other pleading on every party, by mail, as required by Fed. R. Civ. P. 5(a).**

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated: January 28, 2009

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge