IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01911-REB-KLM

CLARENCE WALKER,

    Plaintiff,

v.

ELAINE MEYER,
DENTIST'S ROLD,
LT. CORTNEY,
JILL PRITCHER,

    Defendant(s).
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Request for Relief on Defendant Rold** [Docket No. 66; Filed February 9, 2009] ("Motion No. 66") and **Motion to Include Injuries; [sic] Caused by Defendant Rold** [Docket No. 67; Filed February 9, 2009] ("Motion No. 67").

    IT IS HEREBY **ORDERED** that Motion No. 66 is **DENIED**. The Motion fails to attach a certificate that Plaintiff served it on the opposing parties. Per my Order dated January 28, 2009, the Court warned Plaintiff that every motion must be accompanied by proof of service [Docket No. 65]. To the extent that Plaintiff intended to file a single certificate of service to satisfy his certification responsibilities for Motion Nos. 66 & 67, each motion must be accompanied by its own certificate of service per Fed. R. Civ. P. 5(d) . Further, Plaintiff seeks an Order from the Court requiring Defendant Rold to "recommend" that Plaintiff be transferred to a new facility. Because Plaintiff has provided no legal authority in support of such an Order and the Court is aware of none, and because the relief requested by Plaintiff in this lawsuit is not sufficiently connected to his request, the Motion is subject to denial on these grounds as well.

    IT IS HEREBY **ORDERED** that Motion No. 67 is **DENIED**. To the extent that Plaintiff seeks leave to amend his complaint, the Court makes two observations. First, the deadline for the amendment of pleadings has expired and Plaintiff failed to provide good cause for amendment, or excusable neglect for his failure to timely seek amendment. Second, the Motion is not accompanied by a proposed amended complaint. Either defect justifies denial of the Motion.

Dated:       February 10, 2009