IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01911-REB-KLM

CLARENCE WALKER,

   Plaintiff,

v.

ELAINE MEYER,
DENTIST'S ROLD,
LT. CORTNEY,
JILL PRITCHER,

   Defendant(s).

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant "Lt. Cortney's"**[1] **Motion to Dismiss** [Docket 34; Filed October 31, 2008] ("Courtney's to Dismiss") and **Defendant Trent Rold, D.D.S.'s**[2] **Motion to Dismiss** [Docket No. 51; Filed December 4, 2009] ("Rold's Motion to Dismiss"). Plaintiff failed to timely respond to Courtney's Motion to Dismiss. In conjunction with setting a deadline for Plaintiff to respond to Rold's Motion to Dismiss, the Court *sua sponte* extended Plaintiff's deadline to respond to Courtney's Motion to Dismiss [Docket No. 53]. Plaintiff filed a Response to Courtney's Motion to Dismiss on December 29, 2009 [Docket No. 56], and Defendant Courtney filed a Reply on January 13, 2009 [Docket No. 60]. Plaintiff failed to comply with the Court's Order to respond to Rold's Motion to Dismiss.

---

[1] The correct name of "Lt. Cortney" is Lt. Harry Courtney [hereinafter "Courtney"].

[2] Defendant Trent Rold, D.D.S. is referred to as "Dentist's [sic] Rold" in Plaintiff's complaint.

Nevertheless, Defendant Rold filed a Reply on January 6, 2009 [Docket No. 58].[3]  The Motions to Dismiss have been fully briefed and are ripe for resolution.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the Motions to Dismiss have been referred to this Court for recommendation.  Having considered the pleadings and the docket in this case, the Court is fully advised of the issues presented in the Motions to Dismiss.  As such, the Court recommends that Courtney's Motion to Dismiss be **GRANTED** and that Rold's Motion to Dismiss be **GRANTED**.

## I. Factual Background and Complaint

Plaintiff's case arises from his alleged mistreatment while incarcerated at the Arapahoe County Detention Facility ("ACDF"), in Arapahoe County, Colorado.  Plaintiff, who is proceeding *pro se*, filed a case pursuant to 42 U.S.C. § 1983 against Defendants on September 3, 2008 [Docket No. 3].  Plaintiff's initial complaint remains the operative complaint for purposes of resolution of the pending Motions to Dismiss.

Plaintiff's complaint is not a model of clarity.  For instance, at first glance, the complaint appears to contain four separate claims for relief, but upon further inspection of the attachments, Plaintiff also appears to raise a fifth claim for relief.  Moreover, although it appears that Plaintiff intended to assert five separate claims for relief, the complaint

---

[3] Dismissal of Defendant Rold may be appropriate based on Plaintiff's failure to follow the Court's Order.  While some district court local rules within the Tenth Circuit authorize dismissal based solely on a failure to respond, the District of Colorado Local Civil Rules do not specify that failure to respond to a motion may be deemed as consent to its entry.  *See, e.g.,* D.C.N.M. L. Civ. R. 7.5(b); D.C. Kan. L. Civ. R. 7.4.  In any event, when dealing with a *pro se* plaintiff, the Tenth Circuit has stated its preference for resolution of the substance of a motion to dismiss despite the *pro se* plaintiff's failure to respond.  *Persik v. Manpower, Inc.*, 85 Fed. Appx. 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision).  Given the judicial system's strong preference for resolving cases on their merits, the Court considers Rold's Motion to Dismiss on its merits.

raises only two constitutional injuries: (1) Claims I-III assert that Defendants caused Plaintiff to suffer an Eighth Amendment injury due to their failure to provide him with dentures, *Complaint* [#3] at 5-9; and (2) Claims IV and V assert that Defendants caused Plaintiff to suffer a First Amendment injury due to their retaliation against him for filing past lawsuits and grievances, *id.* at 10, 20. Therefore, despite the varying labels Plaintiff has attached to his myriad claims, I will not be rigidly guided by Plaintiff's characterization of his claims and resolve his alleged injuries in relation to the Eighth and First Amendments.[4] *See Castro v. United States*, 450 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a *pro se* party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis").

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at

---

[4] The complaint also contains allegations against Defendants Elaine Meyer and Jill Pritcher. Neither of these Defendants moves to dismiss Plaintiff's complaint against them at this time. *See Meyer's Answer* [#33]; *Pritcher's Answer* [#48].

3

trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

Finally, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III. Analysis

#### A. Courtney's Motion to Dismiss

Defendant Courtney contends that Plaintiff's case against him should be dismissed for Plaintiff's failure to allege that Defendant Courtney personally participated in the conduct giving rise to Plaintiff's alleged constitutional injuries, or alternatively, that Defendant Courtney had the requisite intent to harm Plaintiff. Although Defendant Courtney failed to analyze the sufficiency of Plaintiff's complaint against him in relation to Plaintiff's First Amendment retaliation claim, I may do so here pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In regard to both claims, the allegations contained in Plaintiff's complaint against Defendant Courtney appear to be limited to his supervisory role over medical personnel and his participation in the grievance process. Specifically, Plaintiff contends that after he was

4

denied his request for dentures, "he then turned his attention to the highest medical official who is the Luietenant [sic] medical administrator. I filed a grievance to him on 8-10-08 and he has refused, ignored, and failed, and deprived me of [sic] pain and suffering, discomfort, disfigurement which is a violation of my . . . constitutional rights." *Complaint* [#3] at 7. He also contends that the grievances attached to the complaint show that Defendants, including Defendant Courtney, retaliated against him. *Id.* at 10.

Given the extent of the allegations against Defendant Courtney, I find that Plaintiff's claims against him fail because Plaintiff does not specifically attribute conduct committed by Defendant Courtney which led to the deprivation of a constitutional right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). First, there is no evidence that Defendant Courtney was a treating physician or participated in the initial decision to deprive Plaintiff of dentures. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1983) (noting that personal participation is a threshold to liability); *see also Thomas v. Ortiz*, 07-cv-00400-WDM-MEH, 2007 WL 3256708, at *4 (D. Colo. Nov. 1, 2007) (unpublished decision) (holding that official deriving his knowledge of Plaintiff's alleged injury from the grievance process is not personally liable unless he was directly involved in the initial medical decision). An affirmative link must exist between the alleged constitutional violation and Defendant Courtney's participation, control or direction. *Bennett*, 545 F.2d at 1262-63; *Whitelow v. Stanley*, 06-cv-02256-ZLW-MEH, 2007 WL 4268961, at *6 (D. Colo. Nov. 28, 2007) (unpublished decision). Furthermore, general, conclusory allegations, without supporting factual averments, are insufficient to state a constitutional claim against a defendant. *See Riddle v. Mondragon*, 83 F.3d 1197, 1205 (10th Cir. 1996). Instead, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the

defendant did it; how the defendant's actions harmed him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

To the extent that Plaintiff asserts supervisory liability against Defendant Courtney due to his participation in the grievance process, mere participation in the grievance process is an insufficient basis for asserting a violation of constitutional rights. *Boles v. Dansdill*, No. 05-cv-01661-PSF-CBS, 2007 WL 2770473, *4 (D. Colo. Sept. 20, 2007) (unpublished decision); *see also Coates v. Sheahan*, No. 94-cv-6107, 1995 WL 430950, *2 (N.D. Ill. July 18, 1995) (unpublished decision) (holding that grievances submitted to a supervisory official are insufficient to establish the official's personal participation in a constitutional violation). The "mere involvement of processing a grievance at an administrative level does not establish the affirmative link required to establish supervisor liability for an employee's conduct." *Boles*, 2007 WL 2770473, *4 (citing *Johnson v. G.E.O./Lawton Corr. Facility*, No. Civ-04-1467-C, 2005 WL 2739212, at *1 (W.D. Okla. Oct. 24, 2005)); *Davis v. Ark. Valley Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. 2004) (sending "correspondence [to the warden] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"). To hold a supervisory prison official liable on the basis of communications he received, "would be to hold any well informed [prison official] personally liable for damages flowing from any constitutional violation occurring at any jail within that [official's] jurisdiction. We believe that such a broad theory of liability is inconsistent with the personal responsibility requirement for . . . a section 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1005-06 (7th Cir. 1982).

Even were the Court to find that Plaintiff sufficiently alleged Defendant Courtney's

personal participation, his claims fail on the merits. As will be discussed with more detail in relation to Rold's Motion to Dismiss, the Eighth Amendment analysis involves an objective and subjective determination. *See Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). Here, Plaintiff's complaint fails to attribute any subjective indifference to Defendant Courtney. Putting aside whether Plaintiff's alleged dental needs state a subjectively serious medical injury, Plaintiff has failed to allege that Defendant Courtney intended the deprivation, i.e., acted with deliberate indifference to the harm that could result. *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). The subjective element, which can only be addressed by showing that Defendant Courtney "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994), cannot be shown upon Defendant Courtney's mere involvement in the grievance process. *See Thomas*, 2007 WL 3256708 at \*4.

As to Plaintiff's First Amendment claim, "to establish a First Amendment retaliation claim, a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he suffered an adverse action; and (3) that a causal connection exists between the protected conduct and the adverse action." *Baldauf v. Hyatt*, No. 01-cv-01315-REB-CBS, 2008 WL 280839, at \*7 (D. Colo. Jan. 31, 2008) (unpublished decision) (quoting *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004)). However, an inmate is not "inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he is engaged in protected activity." *Peterson v. Shanks,* 149 F.3d 1140,1144 (10th Cir.1998).

To prevail on the causation element of a claim for retaliation, Plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have

taken place." *Id.* (citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990)). That is, "it is imperative that [a] plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation."). Here, Plaintiff does not allege sufficient facts to create a causal connection between his alleged protected conduct and Defendant Courtney's action or inaction taken pursuant to the grievance process.

Accordingly, I RECOMMEND that Courtney's Motion to Dismiss be **GRANTED** and all claims against him be dismissed.[5]

### B. Rold's Motion to Dismiss

Defendant Rold contends that Plaintiff's case against him should be dismissed for Plaintiff's failure to state an Eighth Amendment claim against him. Although Defendant Rold failed to analyze the sufficiency of Plaintiff's complaint against him in relation to Plaintiff's First Amendment retaliation claim, I may do so here pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In regard to both claims, the allegations contained in Plaintiff's complaint against Defendant Rold appear to be that Defendant Rold took dental x-rays and recommended that Plaintiff receive dentures, but that Defendant Meyer did not authorize

---

[5] Because I recommend dismissal of Defendant Courtney for Plaintiff's failure to state a sufficient claim against him, I necessarily recommend that any claims asserted against him in his official capacity be dismissed as well. Claims against public officials in their official capacity are essentially claims against the governmental entity itself. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 & n.55 (1978). The request for injunctive relief remains viable against the non-dismissed Defendants in their official capacities.

this type of medical care. *Complaint* [#3] at 6. He also contends that "Defendant Rold violated my . . . constitutional amendment [sic] by depriving me of dentures and getting a seriously painful teeth [sic] pulled." *Id.* at 7. Finally, Plaintiff contends that the grievances attached to the complaint show that Defendants, including Defendant Rold, retaliated against him. *Id.* at 10.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend VIII. To this end, prison officials have a duty to "provide humane conditions of confinement." *Farmer*, 511 U.S. at 832. As such, the Eighth Amendment requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). The Court's analysis of Plaintiffs' Eighth Amendment claim involves both an objective and subjective component. *Wilson*, 501 U.S. at 298-99.

As to the objective component, the Court considers whether Plaintiff has been deprived of a sufficiently serious basic human need, i.e., an extreme deprivation. "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Hudson*, 503 U.S. at 9-10 (citations omitted). As to the subjective component, the Court considers whether Defendant Rold intended the deprivation, i.e., acted with deliberate indifference to the harm that could result. *See id.* The subjective element can only be proved by showing that Defendant Rold "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind. *See Farmer*, 511 U.S.

9

at 837; *Hudson*, 503 U.S. at 8.

Without deciding whether Plaintiff has stated an objectively serious medical need, I find that Plaintiff has failed to satisfy the subjective component of the Eighth Amendment analysis in relation to Defendant Rold. As a preliminary matter, it should be noted that an inmate's difference of opinion concerning the medical treatment that he receives or does not receive does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). A "prisoner's right is to medical care–not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted). To the extent that Plaintiff, in his opinion, asserts that Defendant Rold did not satisfactorily perform his duties given his failure to provide him with dentures, "such a difference of opinion amounts to a medical malpractice claim . . . [which] cannot be the basis for a federal [*Bivens*] action. . . . [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished decision) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his medical injury based upon a disagreement about the level of care he received for that injury did not state an Eighth Amendment claim).

"The question of whether a certain form of treatment should be prescribed 'is a classic example of a matter for medical judgment.'" *Tivis v. Beecroft*, No. 06-cv-02025-WYD-CBS, 2007 WL 2786434, at *10 (D. Colo. Sept. 24, 2007) (unpublished decision) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). As was the case in *Pearson*, "Plaintiff was not denied medical treatment, rather he merely disagrees" with his ultimate

10

rejection to receive the desired treatment. *See id.*

More specifically, considering Plaintiff's allegations against Defendant Rold, Plaintiff states that while Defendant Rold recommended that Plaintiff receive dentures, it was ultimately Defendant Meyer's decision and she refused to provide Plaintiff this form of treatment. *Complaint* [#3] at 6-7. The alleged conduct of Defendant Rold, namely his examination of Plaintiff and his attempt to discuss Plaintiff's alleged need for dentures with Defendant Meyer, does not evidence the degree of neglect sufficient to find that Defendant Rold was deliberately indifferent to Plaintiff's medical needs. *See generally Free v. Unknown Officers of BOP*, 103 Fed. Appx. 334, 336-37 (10th Cir. June 29, 2004) (unpublished decision). Indeed, it evidences no neglect at all.

> The subjective component of a deliberate indifference claim requires an inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment. It is not enough to allege that prison official failed to alleviate a significant risk that [they] should have perceived but did not. To show the requisite indifference, [the prisoner] must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it.

*Kikumura v. Osagie*, 461 F.3d 1269, 1291-93 (10th Cir. 2006) (citations omitted). Here, the complaint does not contain any allegations that Defendant Rold was aware of or unreasonably disregarded a sufficiently serious risk. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202-06 (10th Cir. 1996) (holding that prisoner's complaint must go beyond conclusory allegations about the depravity of defendants' conduct). At the most, Plaintif's complaint contends that Defendant Rold knew that Plaintiff had a tooth that was "broken inside [Plaintiff's] gums." *Complaint* [#3] at 6. As Plaintiff's complaint also infers, it was not Defendant Rold's decision to deny Plaintiff dentures, and he nevertheless examined Plaintiff and allegedly made dental recommendations. Because "[t]he subjective

11

component is not satisfied[] absent an extraordinary degree of neglect," the Court finds that the conduct and knowledge attributed to Defendant Rold fails to support a finding of deliberate indifference.⁶ *See Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

As to Plaintiff's First Amendment claim, Plaintiff does not allege sufficient facts to create a causal connection between his protected conduct and Defendant Rold's action or inaction. While a later discussion in the complaint involving retaliation provides more detail as to the factual basis for Plaintiff's alleged First Amendment injury against Defendants Meyer and Pritcher, Plaintiff fails to attribute any specific connection between the exercise of Plaintiff's constitutional rights and Defendant Rold's conduct. Despite Plaintiff's assertion that the grievances attached to his complaint show that Defendant Rold retaliated against him for filing lawsuits and grievances, *Complaint* [#3] at 10, I find no support for Plaintiff's conclusory statement in the grievances attached. Moreover, taking judicial notice of the four prior or pending lawsuits filed by Plaintiff in this District, I note that except for this case, Plaintiff has never sued Defendant Rold. Finally, given that Defendant Rold allegedly recommended that Plaintiff receive dentures, and his alleged lack of authority to provide them without Defendant Meyer's consent, Plaintiff has failed to state any adverse action taken by Defendant Rold.

Accordingly, I RECOMMEND that Rold's Motion to Dismiss be **GRANTED** and all

---

⁶ To the extent that the complaint can also be interpreted to contend that Defendant Rold exhibited deliberate indifference when he sought consultation with Defendant Meyer before he extracted Plaintiff's teeth, there is insufficient factual information regarding this alleged occurrence nor does Plaintiff seek any relief relating to it. Therefore, I find that this conclusory allegation, without any additional factual support, fails to state a viable injury which can be addressed herein.

claims against him be dismissed.[7]

## IV. Conclusion

For the aforementioned reasons, I respectfully **RECOMMEND** that Courtney's **Motion to Dismiss** [#34] be **GRANTED**, that Rold's Motion to Dismiss [#51] be **GRANTED** and that the case against them be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 9, 2009

                                                                   BY THE COURT:
                                                                    s/ Kristen L. Mix
                                                                    U.S. Magistrate Judge
                                                                    Kristen L. Mix

---

[7] Because I recommend dismissal of Defendant Rold for Plaintiff's failure to state a sufficient claim against him, I necessarily recommend that any claims asserted against him in his official capacity be dismissed as well. *See supra* note 5.