IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01911-REB-KLM

CLARENCE WALKER,

    Plaintiff,

v.

ELAINE MEYER, and
JILL PITCHER,

    Defendant(s).

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Eminent [sic] Emergency Section 1983 Relief** [Docket No. 84; Filed April 29, 2009] ("First Motion") and **Motion for Eminent [sic] Emergency Section 1983 Relief** [Docket No. 110; Filed June 2, 2009] ("Second Motion") (collectively, the "Motions"). The Court directed Defendants to provide further briefing and set the matter for hearing on May 28, 2009 [Docket No. 87]. Defendants filed separate Responses on May 15, 2009 [Docket Nos. 88 & 89]. At the conclusion of the hearing, Plaintiff filed the Second Motion asking the Court to enter the injunction requested in the First Motion. The Second Motion is redundant and unnecessary to the Court's analysis.

    Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motions, Defendants' Responses, the hearing testimony and exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below,

the Court respectfully **RECOMMENDS** that the First Motion [#84] be **DENIED** and the Second Motion [#110] be **DENIED as moot**.

## I.  Summary of the Facts and Evidence

Plaintiff, who is proceeding *pro se*, filed an action pursuant to 42 U.S.C. § 1983 against Defendants asserting that their failure to provide him adequate dental care, and particularly dentures, violates his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right not to be retaliated against for exercising his rights.  *Complaint* [#3] at 5-10.  Plaintiff is currently incarcerated at the Arapahoe County Detention Center in Englewood, Colorado.  In the First Motion, Plaintiff contends that he is in "severe pain and extreme discomfort" from "gum bleeds" for which there is no treatment at the Arapahoe County Detention Center.  *First Motion* [#84] at 1-2. Specifically, he alleges that

> Plaintiff is facing physical and irreparable injuries. The Plaintiff [sic] 4 remaining teeth is [sic] starting to deteriate [sic], continuous gum bleeds, extreme discomfort that can cause serious infections and possibly death.  If not treated property and adequately, all my good teeth will be [sic] have to be pulled . . . .

*Id.* at 2.

Plaintiff reiterated his allegations at the May 28, 2009 hearing and testified under oath that his remaining teeth were slicing into his gums, his gums were irritable, sore, swollen, and they occasionally bled, although they were not presently bleeding. He testified that he cannot sleep and now he needs to get his good teeth pulled.  He alleged that Defendants have stopped giving him pain medication with no explanation and have stopped responding to his grievances and only give him excuses, not solutions, to his present dental

issues. He contended that the only solution is to provide him dentures. However, he admitted that no doctor at the facility or any of the outside dentists he has seen at Denver Health have ever prescribed him dentures. He also testified that he was having difficulty eating because the food on the soft food diet that he was provided was still too hard for him to chew. However, he admitted that he weighs roughly the same weight as he did when he entered the facility. He also contended that he saw an unknown physician's assistant within the last three weeks and she noticed that his gums were red and told him to drink Ensure.

In Defendant Meyer's Response to the First Motion, she provides affidavits describing the extensive medical care Plaintiff has received since his incarceration at the Arapahoe County Detention Facility [Docket Nos. 88-2 & 88-3]. She also notes that Plaintiff has never been prescribed dentures and that he has had longstanding dental health issues predating his incarceration at the facility. *Meyer's Response* [#88] at 4. She notes that Plaintiff had seven teeth when he entered the facility and that three teeth have been removed on the basis of recommendations of the dentists treating him.

At the hearing, Defendant Meyer and the facility's dental assistant, Janine Maese, testified as to Plaintiff's extensive dental care, including three teeth extractions, follow up after surgery, and ongoing treatment of his dental complaints. Defendant Meyer produced Plaintiff's dental care records and other exhibits tending to show that Plaintiff's care has been wide-ranging, that Defendants have been responsive to Plaintiff's complaints, and that Plaintiff has refused care and medication on several occasions [Docket No. 104-2]. *Meyer's Exs.* A-1, A-2, A-3 & A-6. The exhibits are also instructive to show the absence of evidence that Plaintiff is currently suffering from swollen or bleeding gums as a result of

3

Defendants' failure to provide him dentures.  Rather, the records, as explained by Ms. Maese, show that Plaintiff suffers from the advanced stages of periodontal gum disease which, by the time Defendants began treating him, was basically incurable and will ultimately lead to the decay of Plaintiff's remaining teeth.  Defendant Meyer testified that while the Arapahoe County Detention Facility has a procedure in place for providing dentures to inmates, dentures are only provided when they are determined to be medically necessary.  *Meyer's Ex.* A-8.

An examination of Plaintiff's dental records reveals that Plaintiff was last seen in the dental office on May 11, 2009.  At that time, the examining physician's assistant wrote: "No inflammation, no redness, no lesions, no sores.  Tissue looks great and maxillary 4 teeth are stable and without problems" [Docket No. 104-2 at 4].  Plaintiff's dental records also indicate that on April 20, 2009, Plaintiff refused dental care [Docket No. 104-2 at 4].  The Court notes that Plaintiff filed his First Motion on April 29, 2009.

In Defendant Pitcher's Response to the First Motion, she notes that to the extent that injunctive relief is requested against her, she no longer provides medical services at the Arapahoe County Detention Facility.  *Pitcher's Response* [#89] at 2-4.  Therefore, she argues that the Motion should be denied as to her because she has no capacity to provide the relief requested.  *Id.*  I agree and will recommend that the Motion be denied as moot as to Defendant Pitcher.  *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997). In any event, I note that Defendant Pitcher provides several affidavits from medical professionals familiar with Plaintiff reflecting the extensive dental care Plaintiff has received and their medical opinion that Plaintiff does not need dentures [Docket Nos. 89-2, 89-4 & 89-5].

4

## II. Standard for Injunctive Relief

As a preliminary matter, because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

I find that Plaintiff is unable to meet his burden to show that a preliminary injunction is necessary. Injunctive relief is an extraordinary remedy that should only be granted when the moving party clearly and unequivocally demonstrates its necessity. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). In the Tenth Circuit, a party requesting injunctive relief must clearly establish that: (1) the party will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits. *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Moreover,

> [b]ecause the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held, we have identified the following three types of specifically disfavored preliminary

> injunctions . . . (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that [he] could recover at the conclusion of a full trial on the merits.

*Schrier*, 427 F.3d at 1258-59 (citations omitted).  These disfavored injunctions are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  *Id.* at 1259.

Plaintiff seeks a preliminary injunction which would require Defendants to provide him "dental care and dentures . . . without delay."  *First Motion* [#84] at 3.  Given the relief Plaintiff seeks, the relief sought would alter the status quo rather than preserve it and would also require Defendants to act.  For these reasons, the injunctive relief sought by Plaintiff "constitutes a specifically disfavored injunction" that "must be more closely scrutinized."  *Schrier*, 427 F.3d at 1259, 1261.  Therefore, "the right to relief must be clear and unequivocal."  *Id.* at 1258.

Additionally, I must consider well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively.  *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976).  Courts should grant injunctive relief involving the management of prisons, including medical care, only under exceptional and compelling circumstances.  *Taylor v. Freeman*, 34 F.3d at 266, 269-70 & n.2 (4th Cir. 1994); *see also Citizens Concerned for Separation of Church & State v. Denver*, 628 F.2d 1289, 1299 (10th Cir. 1980).  Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems.  It is a delicate role assigned to the federal courts to display that

restraint so necessary 'in the maintenance of proper federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts. . . . [This] is especially true where mandatory injunctive relief is sought and only preliminary findings as to the plaintiff's likelihood of success on the merits have been made." *Taylor*, 34 F.3d at 269 (citations omitted).

### III. Analysis

To obtain injunctive relief, Plaintiff must first show that he will suffer irreparable injury if his request for injunctive relief is denied. *Schrier*, 427 F.3d at 1258. "To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (citation omitted). The party seeking the preliminary injunction "must show that 'the injury complained of is of such *imminence* that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.* (citation omitted). Therefore, to demonstrate irreparable harm, Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 259 Fed. Appx. 104, 106 (10th Cir. Dec. 17, 2007) (unpublished decision). Finally, an injunction is only appropriate "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931).

Plaintiff fails to adequately show that he is facing immediate and irreparable harm.

While the allegations contained in the Complaint and Motions are serious, they are nothing more than allegations and are unsupported by Plaintiff's medical records, diagnoses, and history of refusing treatment.  Further, although Plaintiff has requested dentures since his incarceration at Arapahoe County Detention Facility, Plaintiff has not presented any evidence, other than his own personal opinion and conclusory testimony, that he is in danger of irreparable harm if dentures are not provided to him.  While the Court does not doubt that Plaintiff's condition is uncomfortable, he has never been prescribed dentures by a medical professional, nor have any of his recent claims about swollen and bleeding gums been documented when he has been seen by medical professionals.  Further, to the extent that Plaintiff contends that the failure to provide him dentures will necessitate that his remaining teeth be pulled, he has failed to substantiate this fear.  Nor do Plaintiffs' dental records suggest that Defendants are considering taking this action at this time.  As such, Plaintiff's unsubstantiated claims fail to demonstrate harm that exceeds more than "merely serious or substantial" harm.  Accordingly, injunctive relief is subject to denial on this basis alone.  *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (noting that the failure to show irreparable injury is sufficient ground, by itself, to deny injunctive relief).  In the interest of completeness, the Court also briefly addresses the remaining factors applicable to determination of whether a preliminary injunction should enter.

Specifically, even if Plaintiff could demonstrate some injury, he must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest."  *Schrier*, 427 F.3d at 1258.  Plaintiff does not address the balance of harm in his Motion and appears to assume that dentures can be easily provided to him at minimal

expense and burden to Defendants.  As noted earlier, the relevant Arapahoe County Detention Center policy limits the provision of dentures to those inmates found to medically require dentures.  *Meyer's Ex.* A-8.  Presumably, the policy is related, at least in part, to the expense and burden on the facility were it expected to provide dentures to any inmate who requested them.  Moreover, I note that the Court's interference with Defendants' medical decisions regarding Plaintiff would significantly undermine Defendants' discretion and autonomy.  *See Taylor*, 34 F.3d at 269-70.  While Plaintiff expresses the preference for dentures, he fails to articulate how his preference could be carried out with minimal impact on Defendants.  Further, the Court notes that Defendants have consistently demonstrated a responsiveness to Plaintiff's concerns such that the extreme action of Court intervention does not appear to be warranted.  Accordingly, the Court finds that Plaintiff has failed to make the requisite showing to tip this factor in his favor.

Next, Plaintiff attempts to address the impact of an injunction on the public.  Plaintiff argues that the public interest would be served "because it would show [the public that] government officials will be held accountable for [their] actions."  *First Motion* [#84] at 3. First, there is absolutely no evidence that any government action has contributed to or resulted in the current status of Plaintiff's teeth and gums.  Second, the Court notes that the public would ultimately have to bear the cost of the provision of Plaintiff's dentures. While in this isolated case, such cost may be minimal, the Court finds that the public interest is best served by upholding the bright-line rule that dentures be provided only when there is a clear medical necessity to do so.  The provision of dentures to this Plaintiff, when none have been prescribed, would be adverse to the public interest, and the Court finds that Plaintiff has failed to meet his burden in relation to this factor.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claims. *Id.* Plaintiff brings both First and Eighth Amendment claims regarding the dental care provided to him by Defendants. *Complaint* [#16] at 5-10. In relation to the present Motions, Plaintiff fails to specifically address whether he would succeed on the merits of his First Amendment claim. Rather, he contends that as to his Eighth Amendment claim, Defendants "have clearly and wantonly denied the Plaintiff to be free from continuous pain and extreme discomfort" and are guilty of "continuous deliberate indifference." *First Motion* [#84] at 1. Contrary to Plaintiff's conclusory assertions, Defendants' alleged conduct, based solely upon Plaintiff's pleadings and testimony, does not automatically entitle Plaintiff to relief. *See Hall*, 935 F.2d at 1110 (holding that a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v. NFL, Inc.*, No. 07-cv-02186-MSK-MJW, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished decision) (holding that conclusory allegations will not support a motion for injunctive relief).

Here, Plaintiff's position is significantly undercut by his inability to provide evidence of the extent of his alleged injuries and his admission that no medical professional has ever prescribed him dentures. An inmate's difference of opinion concerning the medical treatment that he receives or does not receive does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). A "prisoner's right is to medical care–not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted). To the extent that Plaintiff, in his opinion, asserts that Defendants did not satisfactorily perform their duties given their failure to provide him with dentures, "such

a difference of opinion amounts to a medical malpractice claim . . . [which] cannot be the basis for a federal 1983 action. . . . [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished decision) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his medical injury based upon a disagreement about the level of care he received did not state an Eighth Amendment claim).

Although Plaintiff asks the Court to consider *Dean v. Coughlin*, 623 F. Supp. 392, 396 (S.D.N.Y. 1985), I note that in that case, the court found that there was a "total breakdown in the administration of the dental clinic at" the correctional facility. Based on this record, I make no similar findings here. The Court similarly distinguishes a second case cited by Plaintiff. *See Farrow v. West*, 320 F.3d 1235, 1239-48 (11th Cir. 2003). In that case, Plaintiff had been prescribed dentures by a medical professional and the court found that there was a reasonably dispute whether a fifteen-month delay to provide him dentures was unconstitutional. *Id.* Given the lack of documentation that Plaintiff needs dentures or that Defendants have systematically failed to treat Plaintiff, I find that Plaintiff has not demonstrated a substantial likelihood of success on the merits of his Eighth Amendment claim.

### IV. Conclusion

Plaintiff has failed to carry his burden of establishing that the circumstances under which he is currently incarcerated give rise to a substantial risk of serious harm or place him in imminent danger. Accordingly, as Plaintiff has failed to satisfy the four prerequisites for obtaining a preliminary injunction, I respectfully **RECOMMEND** that the First Motion

[#84] be **DENIED**. As noted above, to the extent that the distinction is material, I recommend that the First Motion be denied as moot as to Defendant Pitcher.

I FURTHER **RECOMMEND** that the Second Motion be **DENIED as moot**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 8, 2009

                                          BY THE COURT:

                                          s/ Kristen L. Mix
                                          U.S. Magistrate Judge
                                          Kristen L. Mix