IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01911-REB-KLM

CLARENCE WALKER,

      Plaintiff,

v.

ELAINE MEYER,
JILL PITCHER,

      Defendant(s).

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER DENYING MOTIONS AS MOOT**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN  L. MIX**

This matter is before the Court on **Defendant Elaine Meyer's Motion for Summary Judgment** [Docket 105; Filed May 29, 2009] ("Meyer's Motion") and **Defendant Dr. Pitcher's Motion for Summary Judgment** [Docket No. 107; Filed May 29, 2009] ("Pitcher's Motion").  On June 10, 2009, Plaintiff filed a single, two-page Response to the Motions titled "Plaintiff [sic] Motion to Deny Defendants [sic] Meyer and Pitcher Motion [sic] for Summary Judgment" [Docket No. 114].  Defendant Meyer filed a Reply on June 23, 2009 [Docket No. 115] and Defendant Pitcher filed a Reply on June 25, 2009 [Docket No. 116].  The Motions are fully briefed and ripe for resolution.  Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1.C, the Motions have been referred to this Court for recommendation.  Having considered the pleadings and the docket in this case, the Court is fully advised of the issues presented in the Motions.  As such, the Court recommends that Meyer's Motion be **GRANTED** and that Pitcher's Motion be **GRANTED**.

## I.  Factual Background and Complaint

Plaintiff's case arises from his alleged mistreatment while incarcerated at the Arapahoe County Detention Facility ("ACDF"), in Arapahoe County, Colorado.  Plaintiff, who is proceeding *pro se*, filed a case pursuant to 42 U.S.C. § 1983 against Defendants on September 3, 2008 [Docket No. 3].  Plaintiff's initial Complaint remains the operative pleading for purposes of resolution of the pending Motions.  Since the filing of the Motions, Defendants inform the Court that Plaintiff has been released from ACDF "to the street on June 15, 2009, and did not provide or leave a forwarding address as to his current or future whereabouts."  *Meyer's Reply* [#115] at 3; *see also Pitcher's Reply* [#116] at 2 (noting that, to date, "Plaintiff has failed to provide the Court or Defendants the required notification of his new mailing address").

Plaintiff's Complaint is not a model of clarity.  For instance, at first glance, the Complaint appears to contain four separate claims for relief, but upon further inspection of the attachments, Plaintiff also appears to raise a fifth claim for relief.  Moreover, although it appears that Plaintiff intended to assert five separate claims for relief, the Complaint raises only two constitutional injuries:  (1) Claims I-III assert that Defendants caused Plaintiff to suffer an Eighth Amendment injury due to their failure to provide him with dentures, *Complaint* [#3] at 5-9; and (2) Claims IV and V assert that Defendants, either independently or by means of a conspiracy, caused Plaintiff to suffer a First Amendment injury due to their retaliation against him for filing past lawsuits and grievances, *id.* at 10, 20.  Therefore, despite the varying labels Plaintiff has attached to his myriad claims, I will not be rigidly guided by Plaintiff's characterization of his claims and will resolve his alleged

injuries pursuant to the Eighth and First Amendments.[1]  *See Castro v. United States*, 450 U.S. 375, 381 (2003) (noting that it is appropriate for federal courts to ignore the legal labels attached to a *pro se* party's claims "to create a better correspondence between the substance of [the party's claims] and [the] underlying legal basis").

## II.  Standard of Review

The purpose of a summary judgment motion is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Fed. R. Civ. P. 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the opposing party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).  A fact is material if it might affect the outcome of the suit pursuant to the governing substantive law.  *Id.*

The movant must show the absence of a genuine issue of material fact.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).  In the context of the pending Motions, when either movant does not bear the ultimate burden of persuasion at trial, the "movant may make [his] prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim."  *Id.* at 671. After the movant has met his initial burden, the burden shifts to the opposing party to put

---

[1] The Complaint also contains allegations against Defendant Lt. Harry Courtney, incorrectly named as "Lt. Cortney," and Defendant Trent Rold, incorrectly named as "Dentist's Rold."  *Complaint* [#3] at 1.  Both of these Defendants were dismissed pursuant to motions to dismiss [Docket No. 79].

forth sufficient evidence for each essential element of the claim such that a reasonable jury could find in his favor.  *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The opposing party must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to the opposing party.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).  Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence.  *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

Finally, the Court must construe the filings of a *pro se* litigant liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).  In addition, *pro se* litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

### III.  Analysis

As a preliminary matter, Plaintiff does not contest the statement of undisputed facts set forth in either parties' Motion.  Moreover, his objection to the Motions is limited to the viability of his First Amendment retaliation claims (Claims IV and V in the Complaint).  First, he contends, without any factual basis, that "Magistrate Judge KLM, and the District Judge

REB has [sic] already found a factual basis for Plaintiff [sic] 1st Amendment retaliation injury claim, and the Defendants [sic] Motion for Summary Judgment should be denied." *Response* [#114] at 1.  He also contends that his Complaint "states enough sufficient [sic] facts to overcome Defendants [sic] summary judgment motion."  *Id.*  Plaintiff's response is signed under the penalty of perjury, however, aside from his conclusory reference to allegations made in his Complaint, Plaintiff attaches no affidavits or other competent evidence to support those allegations.  "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient, . . . as are conclusory assertions that factual disputes exist."  *Southway v. Cent. Bank of Nigeria*, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001) (citation omitted).  Rather, Plaintiff's allegations must be supported by more than "mere speculation, conjecture or surmise" to survive summary judgment. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999).

Further, to the extent that Plaintiff contends that the allegations contained in his seventy-five page Complaint and supporting attachments create a dispute regarding his First Amendment claims, but provides no specific citation to any of those allegations, he has failed to raise a legitimate dispute.  *See Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) ("[S]ufficient evidence . . . must be identified by reference . . . . Without a specific reference, 'we will not search the record in an effort to determine whether there exists dormant evidence . . . .'" (citation omitted)); *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992) (noting that the court is not obligated to sift through the record to find support for a party's case).

Finally, other than attaching a case from the Eleventh Circuit Court of Appeals, *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003), Plaintiff does not address or raise any

dispute regarding Defendants' characterization of his Eighth Amendment claims (Claims I, II and III in his Complaint).  Upon my consideration of Plaintiff's motion for injunctive relief [Docket No. 84], I found that *Farrow* is distinguishable from Plaintiff's case in that in *Farrow*, the prisoner had been prescribed dentures by a medical professional but there was a fifteen-month delay in receiving the dentures.  *See Recommendation* [#112] at 12 (citing *Farrow*, 320 F.3d at 1239-48).  As will be discussed in more detail below, it is undisputed that Plaintiff has never been prescribed dentures by a medical professional.  In addition, the medical testimony and evidence available here indicates that Plaintiff has no medical necessity for dentures.

Given Plaintiff's failure to set forth any credible or competent evidence in his Response to refute the assertions made by Defendants, Defendants' Motions should be granted if they have minimally demonstrated the absence of evidence to support Plaintiff's claims.  *See Anderson*, 277 U.S. at 248; *see also Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024-25 (10th Cir. 1992) ("[T]he nonmovant must do more than refer to allegations . . . contained in a brief to withstand summary judgment.  Rather, sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein.").

Defendants contend that summary judgment should be granted in their favor on Plaintiff's Eighth Amendment medical indifference claims because he has failed to show that he suffers from an objectively serious injury, or alternatively, that Defendants had the requisite intent to harm Plaintiff.  *Meyer's Motion* [#105] at 12-15; *Pitcher's Motion* [#107] at 12-17.  They also contend that summary judgment should be granted in their favor on Plaintiff's First Amendment retaliation claims because the undisputed facts do not support

6

a jury finding that Plaintiff was a victim of retaliation.  *Meyer's Motion* [#105 at 15-17; *Pitcher's Motion* [#107] at 17-20.

### A.    Eighth Amendment – Medical Indifference

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. amend VIII.  To this end, prison officials have a duty to "provide humane conditions of confinement."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  As such, the Eighth Amendment requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] must 'take reasonable measures to guarantee the safety of the inmates.'"  *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).  The Court's analysis of Plaintiffs' Eighth Amendment claim involves both an objective and subjective component.  *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991).

As to the objective component, the Court considers whether Plaintiff has been deprived of a sufficiently serious basic human need, i.e., an extreme deprivation.  "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities . . . are sufficiently grave to form the basis of an Eighth Amendment violation.'"  *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations omitted).  Here, the issue is Defendants' failure to prescribe dentures to Plaintiff.  "[A] medical need is considered 'sufficiently serious' if the condition 'has been diagnosed by a physician as mandating treatment . . . or is so obvious that even a lay person would easily recommend the necessity for a doctor's attention.'"  *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 2001)).

As to the subjective component, the Court considers whether Defendants intended

the deprivation, i.e., acted with deliberate indifference to the harm that could result. *See id.* The subjective element can only be proved by showing that Defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety" or acted with a sufficiently culpable state of mind. *See Farmer*, 511 U.S. at 837; *Hudson*, 503 U.S. at 8.

As a preliminary matter, it should be noted that an inmate's difference of opinion concerning the medical treatment that he receives or does not receive does not generally support a claim for cruel and unusual punishment. *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993). A "prisoner's right is to medical care–not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (citation omitted). To the extent that Plaintiff, in his opinion, asserts that Defendants did not satisfactorily perform their duties given their failure to provide him with dentures, "such a difference of opinion amounts to a medical malpractice claim . . . [which] cannot be the basis for a federal [*Bivens*] action. . . . [A] medical malpractice claim does not become a constitutional violation simply because the plaintiff is a prisoner." *Pearson v. Simmons*, No. Civ.A. 95-3006-GTV, 1998 WL 154552, at *2 (D. Kan. Mar. 17, 1998) (unpublished decision) (citations omitted) (noting that inmate's allegation that defendants were deliberately indifferent to his medical injury based upon a disagreement about the level of care he received for that injury did not state an Eighth Amendment claim).

"The question of whether a certain form of treatment should be prescribed 'is a classic example of a matter for medical judgment.'" *Tivis v. Beecroft*, No. 06-cv-02025-WYD-CBS, 2007 WL 2786434, at *10 (D. Colo. Sept. 24, 2007) (unpublished decision) (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)). As was the case in *Pearson*, "Plaintiff was not denied medical treatment, rather he merely disagrees" with his ultimate

rejection to receive his desired treatment.  *See id.*

Limiting my analysis to whether there is any evidence that Plaintiff suffers from an objectively serious medical need, I note that although Plaintiff frequently complained about bleeding gums, swollen and red gums, severe dental pain and loss of weight due to the lack of dentures, these subjective complaints were never validated during the many dental examinations performed on him by Defendants and other ACDF medical staff.  *See, e.g.*, *Affidavit of Defendant Pitcher* [#107-2] at 3, 11-14; *Plaintiff's Deposition* [#107-3] at 50. Rather, as is clearly evident from the evidence and testimony presented by Defendants, any alleged pain suffered by Plaintiff was not related to a lack of dentures, but was related to Plaintiff's pre-existing condition of rotting and decaying teeth and his refusals to submit to the proper methods of treatment, including his refusal of pain medication, refusal of dental visits when offered to him, and refusal of the timely extraction of any infected teeth [Docket Nos. 105-8 at 13-14, 17, 22, 24-25; 105-9].  *See also Plaintiff's Deposition* [#105-11] at 172, [#107-3] at 57-58; *Affidavit of Defendant Pitcher* [#107-2] at 14.  Further, the lack of evidence that Plaintiff suffered from bleeding, swollen or red gums, despite Defendants' frequent monitoring of Plaintiff for these conditions, also indicates that there was a lack of objective evidence to prescribe dentures to Plaintiff  [Docket No. 104-2 at 4]. *See also Affidavit of Defendant Pitcher* [#107-2] at 11, 14.

The issue of whether there is any evidence that Plaintiff is suffering from an objectively serious medical condition was addressed at the May 28, 2009 evidentiary hearing on Plaintiff's motion for injunctive relief [Docket No. 103].  At the hearing, Plaintiff admitted that no doctor at the facility or any of the dentists from Denver Health who have examined him since his incarceration at ACDF have ever prescribed him dentures.  *See*

*also Plaintiff's Deposition* [#105-11] at 173.  He also admitted that he weighs roughly the same weight as he did when he entered the facility.  *See also Plaintiff's Deposition* [#107-3] at 50, 59.  In conjunction with the hearing, the Court reviewed various affidavits and exhibits submitted by ACDF medical staff describing the extensive dental care Plaintiff has received since his incarceration there [Docket Nos. 88-2 & 88-3].  These affidavits confirm that Plaintiff has never been prescribed dentures and that he has had longstanding dental health issues predating his incarceration at the facility.  *See also Plaintiff's Deposition* [#107-3] at 190-91.  At the hearing, Defendant Meyer and the facility's dental assistant, Janine Maese, testified under oath as to Plaintiff's extensive dental care, including three teeth extractions, follow up after surgery, and ongoing treatment of his dental complaints.  Defendant Meyer produced Plaintiff's dental care records and other exhibits evidencing that Plaintiff's care has been wide-ranging, that Defendants have been responsive to Plaintiff's complaints, and that Plaintiff has refused care and medication on several occasions [Docket No. 104-2].  *Meyer's Hearing Exs.* A-1, A-2, A-3 & A-6.  The exhibits also show the absence of evidence that Plaintiff is currently suffering from swollen or bleeding gums as a result of Defendants' failure to provide him dentures.  *See also Affidavit of Defendant Pitcher* [#107-2] at 11, 14.  Rather, the records, as explained by Ms. Maese, show that Plaintiff suffers from the advanced stages of periodontal gum disease which, by the time Defendants began treating him, was basically incurable and will ultimately lead to the decay of Plaintiff's remaining teeth.  Defendant Meyer testified that while ACDF has a procedure in place for providing dentures to inmates, dentures are only provided when they are determined to be medically necessary [Docket No. 105-10].  *Meyer's Hearing Ex.* A-8.

An examination of Plaintiff's dental records submitted at the hearing reveals that Plaintiff was last seen in the dental office on May 11, 2009. At that time, the examining physician's assistant wrote: "No inflammation, no redness, no lesions, no sores. Tissue looks great and maxillary 4 teeth are stable and without problems" [Docket No. 104-2 at 4]. Plaintiff's dental records also indicate that on April 20, 2009, Plaintiff refused dental care [Docket No. 104-2 at 4].

Defendants argue, and the evidence contained in the record supports, that there is "no evidence to support an objective showing that the failure to receive dentures – particularly where [Plaintiff] has maintained his weight and general health – is sufficiently serious to constitute the deprivation of his constitutional rights." *Pitcher's Motion* [#107] at 15; *see also Meyer's Motion* [#105] at 13-14. Stated another way, no medical professional has ever prescribed dentures for Plaintiff, nor does the evidence indicate to a lay person that such a prescription is medically necessary. *See, e.g., Affidavit of Dr. Rold* [#107-5] at 3. I find that Defendants have satisfied their initial burden to show the absence of evidence to support the objectively serious nature of Plaintiff's alleged need for dentures. Therefore, the burden shifts to Plaintiff to put forth competent evidence to create a dispute regarding the nature of his alleged injury.

As noted above, Plaintiff's responsive pleading in relation to Defendants' Motions does not satisfy his burden to come forward with specific, nonconclusory evidence to raise a dispute about a material issue. Indeed, Plaintiff fails to address his Eighth Amendment claims in his Response to the Motions, except for his attachment of an Eleventh Circuit case. Further, Plaintiff's claims are significantly undercut by his inability to provide evidence of the extent of his alleged injuries and his admission that no medical professional

11

has ever prescribed him dentures.  *See Plaintiff's Deposition* [#105-11] at 173, 191-92.

Given that Plaintiff has failed to meet his burden regarding the threshold objective element

for establishing an Eighth Amendment violation, I need not consider whether a dispute

remains regarding the subjective element of the Eighth Amendment analysis.

Nevertheless, I note that considering the evidence available to me on this record, I find that

there is absolutely no evidence that any action or inaction attributed to Defendants has

contributed to or resulted in the current status of Plaintiff's teeth and gums.  *See, e.g.*,

*Affidavit of Dr. Rold* [#107-5] at 2-3.  Consequently, I find that there is no genuine issue of

material fact and Defendants are entitled to judgment as a matter of law regarding Plaintiff's

claim that Defendants' failure to provide him with dentures violates his Eighth Amendment

rights.  Accordingly, I **RECOMMEND** that Meyer's Motion [#105] and Pitcher's Motion

[#107] be **GRANTED** as to Claims I, II and III.

**B.     First Amendment – Retaliation**

Plaintiff contends that Defendants' failure to provide him dentures is a result of their

independent or collective decision to retaliate against him for filing past lawsuits or

grievances.  *Complaint* [#3] at 10, 20.  "[T]o establish a First Amendment retaliation claim,

a prisoner must demonstrate that he was (1) engaged in protected conduct; (2) that he

suffered an adverse action; and (3) that a causal connection exists between the protected

conduct and the adverse action."  *Baldauf v. Hyatt*, No. 01-cv-01315-REB-CBS, 2008 WL

280839, at *7 (D. Colo. Jan. 31, 2008) (unpublished decision) (quoting *Scott v. Churchill*,

377 F.3d 565, 569 (6th Cir. 2004)).  However, an inmate is not "inoculated from the normal

conditions of confinement experienced by convicted felons serving time in prison merely

because he is engaged in protected activity."  *Peterson v. Shanks,* 149 F.3d 1140,1144

(10th Cir.1998).

To prevail on the causation element of a claim for retaliation, Plaintiff "must prove that 'but for' the retaliatory motive, the incidents to which he refers . . . would not have taken place." *Id.* (citing *Smith v. Maschner*, 899 F.2d 940, 949-50 (10th Cir. 1990)).  That is, "it is imperative that [a] plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice; plaintiffs must, rather, allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) ("[T]he inmate must allege more than his personal belief that he is the victim of retaliation.").

Here, Plaintiff correctly argues that the filing of lawsuits and grievances are protected conduct to satisfy the first element.  *See, e.g.*, *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (holding that prison officials may not retaliate against prisoners for filing lawsuits or petitioning for redress of grievances).  However, Plaintiff has wholly failed to raise any actions attributable to Defendants that may constitute harm or motive to satisfy the second or third elements.  As to the second element, the Court has found that no reasonable juror could conclude that Plaintiff suffers from an objectively serious dental need which requires treatment with dentures.  As such, Defendants' failure to provide dentures to Plaintiff does not constitute an adverse action, and his claims are subject to dismissal on this basis alone.

As to the third element, Defendants contend that there is an absence of evidence that they were motivated to retaliate against Plaintiff due to his lawsuits and grievances.  *Meyer's Motion* [#105] at 15-17; *Pitcher's Motion* [#107] at 17-20.  Given the conclusory statements contained in Plaintiff's Response, the only information that could speak to this

13

issue is contained in his Complaint.  Despite Plaintiff's assertion that the grievances attached to his Complaint show that Defendants retaliated against him for filing lawsuits and grievances, *Complaint* [#3] at 10, I find no support for Plaintiff's conclusory statement regarding those grievances.  Further, despite Plaintiff's contention that a May 2007 lawsuit (07-cv-01000-WDM-BNB) he filed against Defendants is credible evidence of causation, the Court notes that as of May 2007, Defendants had already informed Plaintiff that he did not need dentures and that none would be provided to him.  *See Plaintiff's Deposition* [#105-11] at 180-81; *Affidavit of Defendant Pitcher* [#107-2] at 2-3.  Indeed, the record shows that Defendants first denied Plaintiff dentures in September 2006.  *Affidavit of Defendant Meyer* [#62-2] at 2.  Despite the filing of the May 2007 lawsuit and his persistent grievances thereafter, this diagnosis (and the level of dental care that Plaintiff received) did not change.  *Affidavit of Defendant Pitcher* [#107-2] at 2-15.

I agree that Plaintiff does not allege sufficient facts to create a causal connection between his protected conduct and Defendants' action or inaction.  Rather, the chronology of events as set forth by Plaintiff indicates that the decision not to provide Plaintiff with dentures was made well in advance of, as opposed to close in time thereto, his May 2007 lawsuit.  Further, although I am not required to sift through the many grievances attached to Plaintiff's Complaint when Plaintiff fails to provide citation to them in his Response, I note that none of the grievances predate Defendants' initial decision to deny Plaintiff's request for dentures.  Moreover, in one of the grievances attached to the Complaint, Defendant Meyer specifically denies that she was motivated by any past lawsuits to deprive Plaintiff dentures; rather, Defendant Meyer notes that Dr. Rold informed her that Plaintiff did not need dentures.  *See Complaint* [#3] at 49; *see also Affidavit of Dr. Rold* [#107-5] at 3.

14

Consequently, Plaintiff has failed to raise a genuine dispute of material fact that any Defendant's decision, either unilateral or collective, to deny him dentures is causally connected to his prior lawsuits or grievances.[2]

Given the above, I find that there is no genuine issue as to any material fact pertaining to Claims IV and V, such that Defendants are entitled to judgment as a matter of law.  Accordingly, I **RECOMMEND** that Meyer's Motion [#105] and Pitcher's Motion [#107] be **GRANTED** as to Claims IV and V.

### IV.  Conclusion

For the aforementioned reasons, I respectfully **RECOMMEND** that **Meyer's Motion for Summary Judgment** [#105] be **GRANTED**, that **Pitcher's Motion for Summary Judgment** [#107] be **GRANTED**.  Given that Plaintiff has failed to carry his burden and establish any material disputes of fact pertaining to his alleged constitutional violations, I find that Plaintiff is not entitled to any form of relief requested in his Complaint. Accordingly, I recommend that the case be **dismissed with prejudice**.

IT IS FURTHER **ORDERED** that given my Recommendation, **Defendant Pitcher's Motion to Compel Plaintiff's Discovery Responses and for Sanctions** [Docket No. 91; Filed May 19, 2009] and **Plaintiff's Motion to Order "Sanctions" Against Defendant [sic] Attorney, Terry Cipoletti, for Harassment and Abusive Deposition** [Docket No. 100; Filed May 27, 2009] are **DENIED as moot**.

---

[2] Although I do not find that Plaintiff intended to assert a separate conspiracy claim regarding his First Amendment retaliation allegations, any conspiracy claim would fail given Plaintiff's failure to provide evidence of a retaliation violation and because, other than his conclusory assertion that a conspiracy existed, Plaintiff fails to set forth any alleged agreement or specific overt acts that Defendants conspired to retaliate against Plaintiff.  *See Montgomery v. City of Ardmore*, 365 F.3d 926, 939-40 (10th Cir. 2004).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 28, 2009

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix